# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **STEVEN R BRANDENBURG** | **ARRAIGNMENT & PLEA HEARING** <br> **(By Zoom)** <br><br> Case No. 21-cr-0025-BHL |

HONORABLE BRETT H. LUDWIG, presiding  Time Called: 10:12 a.m.
Proceeding Held: 2/9/2021  Time Concluded: 11:32 a.m.
Deputy Clerk: Melissa P.  Tape: 11

**Appearances:**

| | |
|---|---|
| UNITED STATES OF AMERICA by: | AUSAs Kevin C Knight, Rachel Baron, and Ross S Goldstein |
| Steven R Brandenburg, by zoom and by: | Jason D Baltz |
| US PROBATION OFFICE by: | James Fetherston |
| INTERPRETER: N/A | |

☐ Original Indictment  ☐ Superseding Indictment  ☒ Information  ☒ Felony  ☐ Misdemeanor

☒ Copy of information received by defendant

☒ Defendant advised of maximum penalties: For each count, 10 years imprisonment, $250K fine, 3 years SR, $100 special assessment, and court ordered restitution.

☒ Defense counsel advises that defendant wishes to enter a plea of guilty
☒ Plea agreement filed
☒ Defendant has reviewed plea agreement with counsel and is satisfied w/representation
☒ Defendant sworn
☒ Defendant advised that false statements made under oath may result in prosecution for perjury
☒ Court questions defendant as to background, education, medical history, drug usage

☒ Court advises defendant as to:
 ☒ Elements of the offense
 ☒ Maximum penalties
 ☐ Mandatory minimum sentence
 ☒ Forfeiture provision
 ☒ Sentencing guidelines
 ☒ Rule 11(b) Rights
 ☒ Waiver of appeal rights
☒ Government provides factual basis as set forth in plea agreement

☒ GUILTY plea entered to Count(s) 1-2 of the information
☒ Court finds Defendant's plea to be knowing and voluntary and that a factual basis exists for the plea
 ☒ Defendant adjudged guilty
☒ CHARGE: 18:1365(a)(1) - ATTEMPT TO TAMPER WITH CONSUMER PRODUCT
☒ Sentencing set for: **June 8, 2021 at 9:00 a.m.**

☒ Defendant released ☒ with conditions.
SEE Order Setting Conditions of Release.

---

Defendant consented to proceeding by videoconference.

The Court found that the current COVID situation warrants holding this arraignment, the waiver of indictment, and plea hearing by videoconference. Accordingly, in the interests of justice, to avoid unnecessary delay, and, with the defendant's consent, the hearing proceeded by videoconference.

Defendant waived indictment on the record and the Court approved the waiver.

Government moved for defendant to be detained pending sentencing. The defendant's counsel argued against detention pending sentencing. The Court denied the government's motion and ordered the defendant released with conditions pending sentencing.